UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| CRAIG F. BROWN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 4:13-CV-69-TLS |
| TRAFFIC LAW ENFORCEMENT (All), | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On September 26, 2013, Craig Brown, proceeding *pro se*, submitted a Complaint [ECF No. 1], and a Motion requesting leave to proceed *in forma pauperis* [ECF No. 2]. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must review an *in forma pauperis* case and dismiss it if "at any time . . . the court determines that" the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is "frivolous if its allegations are bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829–30 (7th Cir. 2007) (citing *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). Furthermore, to survive dismissal, a complaint must state a claim for relief that is "plausible on its face." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur*, 581 F.3d at 602 (quotation marks omitted).

In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). If a court dismisses a case pursuant to § 1915(e), the court must generally give a *pro se* plaintiff the opportunity to amend. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1023 (7th Cir. 2013) ("District courts must allow IFP plaintiffs leave to amend at least once in all circumstances in which such leave would be granted to feepaying plaintiffs."). A court need not afford a plaintiff opportunity to amend, however, where "the defect is clearly incurable." *Frey v. Envtl. Prot. Agency*, 270 F.3d 1129, 1132 (7th Cir. 2001) (quotation marks omitted).

The Plaintiff's Complaint alleges that "Traffic Police" regularly violate, without penalty, traffic laws that are enforced against private citizens, which infringes on "Plaintiff's Constitutional Right to have Equal Protection under the Law." (Compl. pg. 2, ¶ 10–12.) The Plaintiff also alleges that "Traffic Police" use illegal "Quotas" and that speed limit signs are arbitrary. (Compl. pg. 2, ¶ 13–16.) Finally, the Plaintiff alleges that Indiana's requirements regarding the purchase of a vehicle with "Salvage title" unconstitutionally deprive him of "Due Process of Law, in direct violation of Plaintiff's 4th Amendment Constitutional Rights." (Compl. pg. 3, ¶ 18–19.) The Complaint designates as defendants "Traffic Law Enforcement (All)" and estimates that the number of individuals included in that category totals one million.

The Plaintiff requests relief in the form of multiple injunctions. Particularly, the Plaintiff asks the Court to grant an injunction giving him a "Right of Passage" that essentially exempts him from compliance with all traffic laws and regulations. (Compl. pg. 5, ¶ 9–38.) He

additionally seeks an injunction that would automatically impose civil penalties against any traffic law enforcement officers that might stop, detain, arrest, or incarcerate him in the future. (Compl. pg. 6, ¶ 1–11.) The Plaintiff cites *Trezevant v. City of Tampa*, 741 F.2d 336 (11th Cir. 1984), in support of his request for relief. *Trezevant* involved a situation where the police cited an individual for the civil infraction of reckless driving and the individual elected to post bond at the police station rather than sign a promise to appear in court. *Id.* at 338. Despite the fact that he was never formally arrested, the police incarcerated the individual for twenty-three minutes at the station. *Id.* at 339. After the incident, the individual filed a civil rights claim and a jury awarded him $25,000. *Id.* at 337. The Eleventh Circuit affirmed the award.

The Plaintiff's case is distinguishable for two main reasons. First, the Plaintiff is seeking an injunction that would impose a financial penalty on potential future action rather than a harm that has already occurred. The Plaintiff is free to bring a lawsuit for any future police misconduct once he has suffered actual damage from any such misconduct. Second, in *Trezevant* the officers violated the law, whereas the Plaintiff seeks an injunction that would punish officers for properly enforcing the laws. The special treatment the Plaintiff is seeking in this case was not sought in *Trezevant*.

The Plaintiff's claims, including his requests for a "Right of Passage" and an injunction against all traffic enforcement, estimated to include about one million individuals, are frivolous and fail to state claims on which relief can be granted. The request for a special exemption from all traffic laws is frivolous because it is both "bizarre" and "incredible." *Edwards*, 478 F.3d at 829–30. The Plaintiff's Complaint expresses his displeasure with traffic laws and regulations and ultimately seeks an exemption from those laws. But the United States Supreme Court has stated

that the "right to travel is not absolute." *Aptheker v. Sec'y of State,* 378 U.S. 500, 526 (1964). Furthermore, "it is well established that the Constitution permits a state to regulate the operation of motor vehicles on its roads." *U.S. ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 851 F. Supp. 345, 350 (W.D. Wis. 1993) (citing *Bibb v. Navajo Freight Lines, Inc.*, 359 U.S. 520, 79 (1959)); *see also Idris v. City of Chi., Ill.*, 552 F.3d 564 (7th Cir. 2009) (upholding City of Chicago's use of traffic infraction cameras). Like the Plaintiff's request for a "Right of Passage," his request to enjoin one million traffic enforcement officials from enforcing traffic laws against him is frivolous for being "bizarre" and "incredible." Furthermore, the entire Complaint fails to state a claim upon which relief can be granted because it lacks the factual specificity necessary to make it "plausible." *Bissessur*, 581 F.3d at 602–03. Ultimately, the Court cannot draw a reasonable inference that the defendants are liable for the alleged misconduct. *Id.* at 602. On these grounds the Plaintiff's claims are defective and the Court need not provide an opportunity to amend the Complaint because the defects are "incurable." *Frey,* 270 F.3d at 1132.

For the reasons discussed, the Court DISMISSES the Complaint [ECF No. 1] WITH PREJUDICE.

SO ORDERED on October 10, 2013.

                                                   s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT
                                                  FORT WAYNE DIVISION